No. 4934.

MRS. MARY POWLIS VS. N. B. COOK AND P. GOLDSTEIN. JEANNETTE GOLD-STEIN, INTERVENOR.

It is well settled that a creditor of the husband can require his wife, separate in property, to establish the verity of the judgment she recovered against her husband if the same be prejudicial to him, and he is not concluded by the proof adduced when said judgment was rendered; nor is the wife precluded from introducing other proof in support of her judgment, whenever its verity is questioned by a judgment creditor of her husband.

It is true, in the case at bar the husband consented that the case might be fixed and tried, but that did not make it a consent judgment.

The court *a qua* erred in not permitting Mrs. Goldstein, the intervenor, to introduce proof in support of her judgment at the trial of this injunction suit.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier*, J. *Singleton & Browne*, for plaintiff and appellee. *Max. Dinkelspiel* and *David Goldman*, for intervenor and appellant.

WYLY, J. On the first of March, 1873, the intervenor, Jeannette Goldstein, recovered against her husband, P. Goldstein, a judgment of sepa-

ration of property, and a decree for $3700 for paraphernal funds received by him.

In discharge of this debt P. Goldstein made an act of giving in payment whereby he transferred to his wife a lot of jewelry owned by him in a store on Magazine street. Subsequently plaintiff, a judgment creditor of P. Goldstein, seized these goods, and Mrs. Goldstein sued out an injunction. It is well settled that a creditor of the husband can require his wife, separate in property, to establish the verity of the judgment she recovered against her husband if the same be prejudicial to him, and he is not concluded by the proof adduced when said judgment was rendered. Nor is the wife precluded from introducing other proof in support of her judgment, whenever its verity is questioned by a judgment creditor of her husband.

It is true, in the case at bar the husband consented that the case might be fixed and tried, but that did not make it a consent judgment. On the contrary, the money demand was sufficiently proved. That the husband was in embarrassed circumstances, rendering a separation of property necessary to protect the paraphernal rights of his wife, is manifest from this litigation, if not otherwise shown.

The court erred in not permitting Mrs. Goldstein to introduce proof in support of her judgment at the trial of this injunction suit. The record, however, contains sufficient evidence to support her demand in this case.

It is therefore ordered that the judgment herein, dissolving the injunction sued out by the intervenor, Jeannette Goldstein, be annulled, and it is decreed that said injunction be made perpetual at the costs of plaintiff in both courts.